IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMIE JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-97-DGW |
| | ) | |
| CHRISTOPHER SHERROD, FRANK EOVALDI, LYNDAL QUALLS, and ANTHONY D. MCALLISTER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Partial Summary Judgment filed by Defendants Frank Eovaldi, Anthony McAllister, Lyndal Qualls, and Christopher Sherrod (Doc. 80). For the reasons set forth below, the Motion is **GRANTED IN PART, DENIED IN PART AND FOUND MOOT IN PART**.

**PROCEDURAL BACKGROUND**

Plaintiff Jimmie Jordan, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center ("Shawnee"). Plaintiff's First Amended Complaint filed on October 1, 2015 (Doc. 26) is the operative complaint in this matter. In his First Amended Complaint, Plaintiff set forth claims of excessive force, failure to intervene, and deliberate indifference against a number of correctional officers and supervisory correctional officials. Following dismissal of a number of defendants, Plaintiff is now proceeding in this action on an Eighth Amendment excessive force claim against Correctional

Officer Christopher Sherrod, Sergeant Frank Eovaldi, and Lieutenant Lyndal Qualls, an Eighth Amendment failure to intervene claim against Command Officer Anthony McAllister, Sherrod, Qualls, and Eovaldi, and a claim against McAllister, Qualls, and Eovaldi arising from their role as supervisors in condoning, directing, or turning a blind eye to the conduct of others who subjected Plaintiff to excessive force.

Defendants Eovaldi, McAllister, Qualls, and Sherrod filed a partial motion for summary judgment that is now before the Court. Insofar as Defendants seek summary judgment on what they describe as Plaintiff's indemnification claim, said argument is **DENIED** as there is no particular claim pending pursuant to the State Indemnification Act, 5 ILCS § 350/2 (rather, as indicated by Plaintiff, the Indemnification Act's provisions will only be relevant should a judgment be entered against Defendants). Also, Defendant McAllister's request for summary judgment on Plaintiff's excessive force claim is **MOOT** in light of the Court's July 19, 2017 dismissal of said claim. Accordingly, the only remaining arguments for summary judgment before the Court are brought by Defendants McAllister, Qualls, and Eovaldi on their claim that they condoned, directed, or turned a blind eye to the conduct of others in their role as supervisors. Plaintiff timely responded to Defendants' motion as directed by the Court in its July 19, 2017 Order. Said response was filed to supplement the arguments made by Plaintiff in his motion to strike and subsequent reply.

## Factual Background

Plaintiff Jimmie Jordan was an inmate at Shawnee Correctional Center ("Shawnee") at all times relevant to his complaint (Deposition of Jimmie Jordan, Doc. 81-1, pp. 5-6). On April 23, 2014, Plaintiff was in his cell at Shawnee when the Southern Region Tactical Team executed a shakedown in Plaintiff's housing unit (*Id.* at pp. 7-10). Around the time Defendant Correctional

Officer Sherrod, a member of the Tactical Team, arrived in Plaintiff's unit, Plaintiff flushed the toilet in his cell (Doc. 81-1, pp. 7-8; *see* McAllister Incident Report, Doc. 90-2). At his deposition, Plaintiff testified that Defendant Sherrod ran into Plaintiff's cell and pressed his baton into Plaintiff's face (Doc. 81-1, p. 8). Defendant Sherrod asked Plaintiff what he flushed, to which Plaintiff indicated he did not have any contraband and nothing was going on (*Id.* at pp. 8, 16). Plaintiff was then strip searched and taken out of his cell (*Id.* at pp. 17-18). Defendants Eovaldi, Qualls, and McAllister were present after Plaintiff was taken out of his cell (*see* Doc. 90-2). Plaintiff testified that the Defendant Officers began beating and kicking him (Doc. 81-1, p. 24). More specifically, one or more of the Defendant Officers beat Plaintiff, who was still handcuffed, kicking him in the knees, groin, and back (*Id.*). The beating caused Plaintiff to briefly lose consciousness (*Id.* at p. 25).

Subsequently, the Defendant Officers picked Plaintiff up and escorted him to the segregation unit (*Id.* at p. 26). While Plaintiff was being carried to segregation, the Defendant Officers caused Plaintiff's head to hit a door (*Id.* at p. 28). Plaintiff, who suffers from epilepsy, then suffered a seizure (*Id.* at pp. 28, 56). Shortly thereafter, while in segregation, Plaintiff was seen by a doctor and the prison wardens who determined Plaintiff should be sent to a hospital (*Id.* at pp. 35-36). Plaintiff was then taken to Heartland Regional Medical Center where he underwent a CT scan that revealed two rib fractures (Doc. 81-1, pp. 38-43; Doc. 90-4, p. 5).

Defendants have no recollection of the above-mentioned beating and did not provide any testimony regarding the use of excessive force.

## LEGAL STANDARD

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *See also: Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc., v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress &Co.*, 398 U.S. 144, 160 (1970); *See also*, *Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Steen v. Myers et. al*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

## DISCUSSION

### 1. Supervisory Liability

Defendants seek summary judgment on Plaintiff's claim premised on the theory of supervisory liability arguing that Plaintiff is attempting to bring forth a *respondeat superior* claim that is not applicable to § 1983 actions. Defendants further argue that any such claim is duplicative of Plaintiff's failure to protect claim. Plaintiff disagrees, citing the Seventh Circuit Pattern Jury Instructions. In particular, Plaintiff cites Pattern Instructions 7.16 and 7.17, noting that said Instructions provide separate elements to establish an Eighth Amendment failure to

intervene claim and a supervisory liability claim.

Although the Court acknowledges that a failure to intervene claim and a supervisory liability claim have distinct elements, it finds that in this instance Plaintiff's failure to intervene claim necessarily subsumes any claim for supervisory liability. Both claims find their genesis in the Eighth Amendment and both require personal involvement of a defendant. Plaintiff seems to assert that his claim premised on "Supervisory Liability" is distinct from his failure to protect claim because the former relates specifically to a supervisor's authority and the latter can be set forth against any individual defendant, but this distinction is without merit. The Court notes that Defendants have not moved for summary judgment on Plaintiff's failure to protect claim.

To establish a claim for failure to protect against a prison official, a plaintiff needs to show: (1) he was incarcerated under conditions posing a substantial risk of serious harm and, (2) that prison officials acted with deliberate indifference to that risk. *Id.* In order to establish the first element, a plaintiff must show not only that he experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). The second element, the subjective element, requires an inquiry into a defendant prison official's state of mind. *Farmer*, 511 U.S. at 847. A prison official may be held liable only if he knows an inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." *Id.* Here, Plaintiff alleges that Defendants, including "Supervisory Defendants" Qualls, Eovaldi, and McAllister failed to intervene and/or used excessive force against him during an assault that occurred on April 23, 2014. That these "Supervisory Defendants" knew of and condoned said assault is clearly understood to be an element of Plaintiff's failure to protect claim and to allow a separate claim for supervisory liability would be duplicative and could potentially result in double recovery for the

same actions. Accordingly, Defendants Qualls, Eovaldi, and McAllister are entitled to judgment as a matter of law on Plaintiff's claim of supervisory liability.

   *2. Qualified Immunity*

Defendants' argument concerning qualified immunity only addresses Plaintiff's claim for state indemnification, excessive force against Defendant McAllister, and the supervisory liability claim. Accordingly, said argument is moot in light of the Court's findings set forth above.

## CONCLUSION

For the foregoing reasons, the Motion for Partial Summary Judgment filed by Defendants Frank Eovaldi, Anthony McAllister, Lyndal Qualls, and Christopher Sherrod (Doc. 80) is **GRANTED IN PART, DENIED IN PART AND FOUND MOOT IN PART**. For clarification, the Court delineates the claims that remain pending as follows:

   Count One: Eighth Amendment excessive force claim against Defendants Sherrod, Eovaldi, and Qualls;

   Count Two: Eighth Amendment failure to intervene claim against Defendants McAllister, Sherrod, Qualls, and Eovaldi.

**IT IS SO ORDERED.**

**DATED: September 28, 2017**

   **DONALD G. WILKERSON**
   **United States Magistrate Judge**