IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE JORDAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-97-DGW |
| CHRISTOPHER SHERROD, FRANK EOVALDI, LYNDAL QUALLS, and ANTHONY MCALLISTER, | ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge**

Now pending before the Court is Plaintiff's Motion for New Trial (Doc. 132). For the reasons set forth below the Motion for New Trial is **DENIED**.

## PROCEDURAL BACKGROUND

Plaintiff Jimmie Jordan filed this lawsuit alleging excessive force and failure to intervene against Defendants Christopher Sherrod, Frank Eovaldi, Lyndal Qualls, and Anthony McAllister. Jordan's claims were tried to a jury in September 2018, and the jury found in favor of Defendants. The Court entered judgment on September 20, 2018 (Doc. 123). Jordan filed a timely Notice of Appeal (Doc. 125) as well as the pending Motion for New Trial (Doc. 132).

## ANALYSIS

Under Federal Rule of Civil Procedure 59, a new trial may be granted to any party on all or part of the issues tried "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a). In the Seventh Circuit, Rule 59 is construed to require a new trial where "the jury's verdict is against the manifest weight of the evidence or if

the trial was in some way unfair to the moving party." *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Jordan makes several arguments in support of his Motion for New Trial: (1) the jury's decision was against the manifest weight of the evidence; (2) ineffective assistance of counsel; and (3) several alleged errors by the Court.

<u>Weight of the Evidence</u>

When considering whether the jury's verdict goes against the manifest weight of the evidence, a court analyzes the "general sense of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial." *Mejia v. Cook Cnty.*, 650 F.3d 631, 633 (7th Cir. 2011) (citations omitted). However, "[a] verdict will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008) (quoting *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)).

At trial Jordan testified he was beaten by Defendants while being transported to the segregation unit. Defendants testified that Plaintiff fell but they did not beat him. In short, two very different versions of the facts were presented. It is the jury's role to determine which version they find more credible. Thus, to prevail Jordan had to convince the jury his testimony was more credible than the Defendants. While the Court found Jordan's testimony persuasive, it cannot say that no rational jury could have found the contrary evidence more credible.

<u>Ineffective Assistance of Counsel</u>

Jordan makes several complaints about the quality of representation provided by his counsel. Specifically, that counsel failed to investigate or interview witnesses, failed to obtain a videotape of the alleged assault, and failed to seek an instruction regarding the jury's ability to

make an adverse inference from the Defendants' failure to produce the complained of videotape.

However, a civil plaintiff does not have a Sixth Amendment right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Without a right to counsel, a claim of ineffective assistance of counsel is not a proper ground for collaterally attacking a civil judgment. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000). As a result, the Seventh Circuit has previously held that failure to conduct discovery, including obtaining records and deposing witnesses, is not a basis for new trial. *Id.* Thus, even assuming *arguendo* that Jordan is correct that his counsels' representation was ineffective, that cannot be a legal basis for a new trial.

### Alleged Errors of the Court

Jordan also claims he is entitled to a new trial due to several errors by the Court. First, Jordan argues the Court erred by failing to ask potential jurors if they could be fair to an African American plaintiff or whether they considered one race superior to another (Doc. 132, pp. 1-2). Where racial or ethnic bias may be an issue in a case and the defendant requests voir dire on the subject, it is an abuse of discretion to refuse the request. *U.S. v. Hosseini,* 679 F.3d 544, 555 (7th Cir. 2012) (citing *Ham v. South Carolina,* 409 U.S. 524, 526–27 (1973); *United States v. Booker,* 480 F.2d 1310, 1311 (7th Cir. 1973)). Here, however, no racially focused claims were raised in the complaint (Doc. 26). Thus, the proposed questions had nothing to do with the issues in the case. *Hollins v. City of Milwaukee*, 574 F.3d 822, 828 (7th Cir. 2009). Further, the Court allowed Jordan's counsel the opportunity to conduct voir dire and inquire into any potential bias on the part of potential jurors. Counsel did not ask the questions Jordan now claims should have been part of that process. The Court is unaware of any precedent requiring it to question a jury panel about potential racial bias, when such bias is not at issue in the case and retained counsel has chosen not to inquire as to those issues.

Jordan also alleges the Court erred by not responding to the jury's written question asking for clarification on the difference between force and excessive force (Doc. 132, p. 2). A district court has broad discretion about whether to respond to a question propounded by the jury. *U.S. v. Young,* 316 F.3d 649, 661 (7th Cir. 2002). Here, the Court responded by telling the jury that they "must be guided by the jury instructions previously submitted to you by the Court as well as your recollection of the evidence." (Doc. 118-1). Instruction Number 15 given to the jury specifically outlines what the plaintiff must prove for the jury to find the use of excessive force (Doc. 124, p. 15). It was not error for the Court to refer the jury to the portion of the instructions that defined excessive force, as it was responsive to the jury's question.[1]

Finally, Jordan argues the Court erred by not requiring the jury to deliberate after 5:00 p.m. (Doc. 132, p. 2). He argues that allowing the jury to return the next day to finish deliberation prejudices him because it "gave the jurors an opportunity to google or search the plaintiff's criminal history prior to deciding the case." (Doc. 132, p. 2). Jordan presents no evidence the jurors in fact searched for his criminal history, he merely states that they could have done so. However, the first day of trial the Court gave the jury an instruction specifically directing them not to discuss the case with anyone prior to deliberation and not to do any independent investigation of the parties or facts of the case, including through electronic or social media. Given the lack of evidence that any juror improperly searched for Jordan's criminal history, combined with the Court's clear instructions on the issue, there is no basis for concluding Jordan was prejudiced by the Court allowing the jury to complete their deliberation the next morning.

## CONCLUSION

For the above stated reasons, the Court finds no basis for granting Jordan a new trial. The

---

[1] Jordan does not indicate what response he believes would have been more appropriate or why the jury instruction originally provided to the jury was insufficient.

Motion for New Trial (Doc. 132) is therefore **DENIED.**

**SO ORDERED.**

**DATED: December 13, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**